IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID W. GREGORY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **07-669-JPG-CJP** |
| ) | |
| **VENERIO M. SANTOS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff David W. Gregory is an inmate in the custody of the IDOC, currently incarcerated at Hill Correctional Center. He brings suit pursuant to 42 U.S.C. §1983 for violation of his constitutional rights while he was incarcerated at Centralia Correctional Center. In his Amended Complaint, **Doc. 22**, he claims that he has constant pain in his low back, hips, neck and right arm. As construed on preliminary review, "He alleges that he has been to the medical unit numerous times seeking treatment for this condition, yet Defendant Santos has not made any attempt to diagnose the cause of Plaintiff's pain.... Plaintiff further alleges that he has filed numerous grievances with Defendants Krebs, Roberts, Toennies and Feazel, yet none of them have taken any action to see that he receives appropriate medical treatment for this condition. Finally, Plaintiff alleges that policies set by Defendant Health Professionals Limited ("HPL") prioritize profit over proper medical treatment, and that he has been denied any medical treatment by Santos and others due to HPL's policies." **Doc. 23, p.1**.

This case is before the Court on two motions filed by defendants:

1. Defendants Santos and Health Professionals Ltd.'s Motion Renewing Motion to Dismiss and Request for a Pavey Hearing **(Doc. 77)**; and

1

      2.    Motion for Summary Judgment with Supporting Brief, filed by defendants Roger E Walker, Ronald J. Meeks, Julius E. Flagg, Lisa Krebs, B Toennies, Gena Feazel, Sena Landreth, and Bradly Robert **(Doc. 88)**.

Defendants Santos and Health Professionals Ltd. had previously filed a motion to dismiss and memorandum in support at **Docs. 39 & 40.** Shortly thereafter, the case was stayed because plaintiff filed a notice of appeal to the Seventh Circuit as to an order denying his motion to appoint counsel. **See, Doc. 59.** The Seventh Circuit issued its mandate dismissing the appeal on July 15, 2009. **Doc. 75.** Upon the filing of the renewed motion, Judge Gilbert termed the previous motion as it was superceded by **Doc. 77. See, Doc. 86**.

On August 3, 2009, Judge Gilbert referred **Doc. 77** to the undersigned for an evidentiary hearing and submission of a Report and Recommendation. This Court held an evidentiary hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** on August 28, 2009.

Plaintiff did not file a response to the original motion to dismiss. He filed a response to **Doc. 77** at **Doc. 82.** Plaintiff has not responded at all to the Motion for Summary Judgment, **Doc. 88.**

At the hearing, plaintiff asked the Court to dismiss as to defendants Toennies and Feazel. He also acknowledged that he did not name defendants Walker, Meeks, Flagg, or Landreth in his amended complaint. Plaintiff stated that the only IDOC employee who is left in the case is Lisa Krebs. **Doc. 94, p. 34.** Thus, **Doc. 88** is moot as to all the moving defendants except for Lisa Krebs.

**Standard for Summary Judgment**

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **477**

2

**U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc*., **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v.Duckworth*, **644 F.2d 653, 655 (7th Cir.1981).**

### The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an

administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and** *Perez***, 182 F.3d at 535-536.**   The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle***, 122 S.Ct. 983, 992 (2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800** *et seq***.**  In summary, these regulations provide that the inmate first submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e.*, the warden).  Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."  The warden responds in writing of his decision.  If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB).  Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal.  *Pozo,* **286 F.3d at 1024.**

<u>*Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)**</u>

In *Pavey v. Conley***, 544 F.3d 739, 742 (7th Cir. 2008)**, the Seventh Circuit held that, where exhaustion is contested, the court must follow a three step process:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in

4

which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies

### Evidentiary Hearing

On August 28, 2009, the court held an evidentiary hearing pursuant to *Pavey, supra*. The transcript of the hearing is at **Doc. 94**.

Defendants' attorney provided the Court with exhibits, marked "Gregory A" through "Gregory G." The parties referred to the exhibits during the hearing, but the exhibits were not offered into evidence. In an order dated November 18, 2009, the Court informed the parties that it intended to admit Exhibits A through G into evidence on its own motion unless one of the parties objected thereto. As none of the parties have objected, the Court admits Exhibits A through G for purposes of consideration of the subject motions only, and for no other purpose.

The evidence established that plaintiff has filed a number of grievances. Ex. E is a group exhibit containing copies of his many grievances and correspondence relating thereto. Plaintiff testified that he "brought the lawsuit on" the grievance of February 5, 2007. **(Doc. 94, p. 29)**. The Court will, accordingly, focus on that grievance.

The February 5, 2007, grievance consisted of two pages, plus an attached letter dated December 14, 2006, from plaintiff to Lisa Krebs. A copy of the grievance is located at **Doc. 1, pp. 11-13.**

In **Doc. 77**, Defendants make two arguments about this grievance. First, they argue that the grievance did not exhaust as to them because it did not name Santos or HPL. Secondly, they point out that the grievance was not exhausted as of the time suit was filed on September 24, 2007. In **Doc. 88**, defendant Krebs also argues that the February 5, 2007, grievance was not exhausted before suit was filed.

Plaintiff admitted at the hearing that the grievance had not been exhausted as of the time suit was filed.  He testified that he did not receive a response within six months of the time he submitted his appeal to Springfield, so after sending a follow-up letter, he filed suit.  **Doc. 94, pp. 13; 15**.  Gregory's position is that he never received a final denial from the ARB.

In the February 5, 2007, grievance, plaintiff states that he has several illnesses, including arthritis of the neck, spine and hips, and that he is physically handicapped within the meaning of the Americans with Disabilities Act.  He asks that he be moved to a cell closer to the core, and that the "medical department take steps to address all physical pain complaints and to treat the same with due regard for medical conditions that exist."  Neither Dr. Santos nor Health Professionals, Ltd., are named.  He also complains that Lisa Krebs has not responded to his letter regarding his "physical disability" and has failed to "address this issue in any manner."  The grievance was denied at the insitutional level on March 5, 2007.  **Doc. 88, Ex. A**.

The evidence regarding exhaustion of the grieveance is as follows:

1. Plaintiff signed the appeal to the Director (ARB) on March 8, 2007.  **Doc. 88, Ex. B.**
2. Plaintiff testified that, when he did not receive a response within six months, he sent a follow-up letter to the ARB.  **Doc. 94, p. 13.**  Ex. F contains a copy of the letter, dated  September 12, 2007.
3. On September 27, 2007, a Mr. Fairchild of the Office of Inmate Issues sent plaintiff a request for more information regarding his September 12, 2007, letter.  The request was on an IDOC form and it asked for the date of mailing or the number of the grievance.  **Doc. 94, pp. 13-14.**
4. Plaintiff responded to Mr. Fairchild in a letter dated October 23, 2007, a copy of which is in Ex. F.  In that letter, plaintiff states that he waited for a response from the ARB to his grievance until September 24, 2007, and then filed suit.

     5.     The ARB denied plaintiff's grievance in a letter dated October 16, 2007. See, Ex. E. The date-stamp on that copy indicates that is was received by the Warden's office at Centralia Correctional Center on December 11, 2007.

     6.     Plaintiff testified at the hearing that he had never received a response to his final appeal of the February, 2007, grievance. **Doc. 94, pp. 15-16.**

### Analysis

**1.**    **Failure to name defendants in the grievance**

Defendant Santos and Health Professionals Ltd. argue first that administrative remedies were not exhausted to them because they were not named in the February 5, 2007, grievance. They rely on 20 IL ADC 504.180(b), which provides that "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible."

The grievance states that Gregory suffers from severe illnesses and that he requests that "the medical department take steps to address all physical pain complaints and treat the same with due regard for medical conditions that exist." At the hearing, plaintiff pointed out that Dr. Santos is the medical director of the facility, and that he has the authority to order medication and tests. **Doc. 94, pp. 29-30.** Although it is a close call, this Court concludes that the February 5, 2007, grievance was sufficient to alert the prison that plaintiff was complaining about a lack of appropriate medical care, and that the fact that Santos and Health Professionals Ltd. were not specifically named is not fatal.

**2.**    **Failure to Exhaust the Grievance Before Filing Suit**

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his

7

administrative remedies while suit is pending.  *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).**  Exhaustion requires that a prisoner "properly take each step within the administrative process."  *Pozo v. McCaughtry*, **286 F.3d 1022, 1024 (7th Cir. 2002)**.

However, an inmate is only required to exhaust *available* remedies under **42 U.S.C. § 1997e(a)**.  The Seventh Circuit has excused exhaustion where the prison failed to respond at all to a grievance.  "Administrative remedies [are] exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable.' " *Brengettcy v. Horton*, **423 F.3d 674, 682 (7th Cir.2005).**  See also, *Lewis v. Washington*, **300 F.3d 829, 835 (7th Cir.2002)** ("we refuse to interpret the PLRA so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.")).  In both *Brengettcy* and *Lewis*, the prison failed to respond to the initial grievances, such that the plaintiffs had nothing from which to appeal.  Similarly, in *Towns v. Holton*, **Slip Op. 2009 WL 3073148, *2 (7th Cir., September 22, 2009)**, plaintiff did not receive responses to his grievances, which meant that he was unable to file appeals.   The Seventh Circuit noted that the defendants bear the burden of proving that plaintiff "bypassed a remedy that was 'available' to him."  The Court held that the District Court erred in dismissing the case based on "defendants' misguided premise that Towns did not exhaust because he did not appeal rulings that he never received." *Towns v. Holton*, **Slip Op. 2009 WL 3073148, *2-3 (7th Cir., September 22, 2009)**,

This case is different from the above cases in that the prison responded to the grievance and plaintiff then filed his appeal to the ARB.

20 IL ADC 504.850(f) provides that, at the third and last stage of the grievance process, "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances."  According to plaintiff's reading, this section creates a strict six month deadline, counting from the date on which he sent his appeal to

Springfield. He sent the appeal to Springfield on March 8, 2007, and, by his reckoning, the ARB had until September 8, 2007, in which to respond. Plaintiff signed his complaint on September 18, 2007, and mailed it on September 21, 2007. The complaint was date-stamped by the Clerk of Court on September 24, 2007. **See, Doc. 1**.

The issue is, then, whether exhaustion by final appeal was rendered "unavailable" due to the Director's failure to respond to the appeal by September 24, 2007. Plaintiff's interpretation of the regulation is faulty, for two reasons. First, the response period begins to run on the date that the appeal is received, not when it is sent by the inmate. Secondly, and more importantly, Section 504.850(f) does not strictly require the Director to respond to an appeal within six months. Rather, it requires the Director to "make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances."

The question of whether plaintiff ever received a copy of the October 16, 2007, final denial of his appeal is a red herring. He mailed his complaint to this Court on September 18, 2007; the focus must be on the status of the grievance on that date. Whether he received the ARB's denial a month later is immaterial.

Plaintiff gave the ARB only a few days leeway beyond the six month period provided in Section 504.850(f). In his letter of September 12, 2007, he informed the ARB that he was "in the process of fling a federal lawsuit" because the ARB had not responded. Ex. F. However, as of the time he filed suit, the delay in responding to his appeal was not so inordinate as to make his administrative remedies unavailable. Therefore, defendants' motions should be granted because the grievance of February 5, 2007, was not exhausted as of the time suit was filed.

<u>Recommendation</u>

This Court recommends that defendants' Motion to Dismiss **(Doc. 77)** and Motion for Summary Judgment **(Doc. 88)** be **GRANTED**. This case should be dismissed without prejudice

9

as to all defendants.  **See,** ***Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).**

Objections to this Report and Recommendation must be filed on or before **February 5, 2010.**

**Submitted: January 19, 2010.**


<u>  s/ Clifford J. Proud   </u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**