UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DAVID W. GREGORY,

    Plaintiff,

v.

VENERIO M. SANTOS, *et al.*,

    Defendants.

Case No. 07-cv-669-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 97) of Magistrate Judge Clifford J. Proud recommending that the Court grant Defendants' Motion to Dismiss (Doc. 77) and Motion for Summary Judgment (Doc. 88). The time for objections has passed, and no objections have been filed.

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Since no objections were filed, the Court has reviewed Judge Proud's R & R for clear error.

As a preliminary matter, it bears mentioning that the status of the numerous defendants herein are chronicled in Judge Proud's R & R (*see* Doc. 97, p. 2) and are discussed *infra*. For this order's purposes, the Court takes note that the instant motion to dismiss only remains justiciable with respect to Defendants Venerio Santos and Health Care Professionals, Ltd. The

instant motion for summary judgment only remains justiciable with respect to Defendant Lisa Krebs.[1]

Dismissal of the remaining parties hinges largely on Judge Proud's understanding of a specific regulation of the Illinois inmate grievance procedure, which states that "[t]he Director [of the Administrative Review Board] shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances."  ILL. ADMIN. CODE tit. 20, § 504.850(f) (2010).  Gregory waited the six-month period and, having never received the prescribed final determination, filed his federal complaint shortly thereafter.  The issue, of course, is whether Gregory failed to exhaust his available administrative remedies by filing suit in federal court.

Although Gregory may find it inequitable to wait longer than six months in order to file his federal complaint, the "reasonably feasible under the circumstances" language of the regulation cannot be ignored.  Gregory should have waited until he received a final determination from the Director of the Administrative Review Board before filing suit.  The Illinois Supreme Court has found that the time frames for consideration of grievances under said section are directory, not mandatory.  *Beahringer v. Page*, 798 N.E.2d 1216, 1226 (Ill. 2003).

---

[1]Bradly Robert, Warden of the Centralia Correctional Center, appears to have dropped off Plaintiff David Gregory's radar.  Although Robert was included in Gregory's second Amended Complaint (Doc. 22) and was never explicitly dismissed from the case, Gregory agreed at the *Pavey* hearing that Krebs represented the only IDOC employee remaining in this case.  (*See* Doc. 94, p. 34).  Given Gregory's implied consent to termination of Robert's status as defendant, the Court will treat him as terminated from the date of said *Pavey* hearing.
   However, regardless of whether Robert remains in this case, the Court notes that Judge Proud's analysis in the R & R may be applied with equal force to Robert, which would thereby warrant his dismissal upon the R & R's adoption.

The regulation does not include any language specifically granting the Court the right to hear the case if the agency does not respond within the six-month time frame, lending credence to the conclusion that the expiration of the six-month time frame does not grant a prisoner the automatic right to file suit in federal court.  *Id*. at 1226.  More importantly, Judge Proud's findings on the issue do not fall below the deference afforded him.  As such, Gregory indeed failed to exhaust his available administrative remedies as required by law.

In sum, the Court has reviewed the entire file and finds that the R & R is not clearly erroneous.  Accordingly, the Court hereby **ADOPTS** the R & R (Doc. 97) as modified by this Memorandum and Order.  Namely, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 77), and the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 88) insofar as it relates to Defendant Lisa Krebs.  The Court **DENIES as moot** said summary judgment motion insofar as it relates to Defendants Roger Walker, Ronald Meeks, Julius Flagg, Sean Landreth, B Toennies, Gena Feazel, and Bradly Robert.[2]  The Court **DISMISSES** this matter **without prejudice**.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 3, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[2] Walker, Meeks, Flagg, and Landreth were terminated on October 16, 2008, upon the filing of the second Amended Complaint (Doc. 22) that did not name them as defendants.  Toennies and Feazel were terminated as defendants on August 28, 2009, upon Plaintiff David Gregory's request at the *Pavey* hearing.  (*See* Doc. 34, p. 34).  Robert was terminated as a defendant at the same hearing due to Gregory's implied consent.  *Id*.